**BRYAN CAVE LLP**
Andrea M. Hicks, California Bar No. 219836
Monique Jewett-Brewster, California Bar No. 217792
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
Email:    andrea.hicks@bryancave.com
    monique.jewettbrewster@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS 2004-BC1; and RECONTRUST COMPANY, N.A.

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| LYDIA ORDAZ,<br><br>            Plaintiffs,<br><br>        versus<br><br>BANK OF AMERICA, N.A.; ENCORE CREDIT CORPORATION; THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS 2004-BC1; RECONTRUST COMPANY; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 2:14-cv-00564-MCE-KJN<br><br>Hon. Kendall J. Newman<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order]<br><br>Date:  September 25, 2014<br>Time:   10:00 a.m.<br>Courtroom:  25, 8th Flr.<br>                Sacramento Division<br><br>Complaint Filed:   February 26, 2014<br>Trial Date: Not Assigned |

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

## TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................... 2

II.     ALLEGATIONS IN THE COMPLAINT AND JUDICIALLY NOTICEABLE
        FACTS ................................................................................................................... 2

III.    LEGAL STANDARDS FOR A MOTION TO DISMISS ..................................... 4

IV.     THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY ..... 5

        A.      Plaintiff Lacks Standing to Set Aside the Foreclosure Sale, or Make Any
                Viable Claim for Damages Related to the Sale, Because She Fails to Allege
                Tender .......................................................................................................... 5

        B.      The Judicially Noticeable Documents Evince Defendants' Standing to
                Foreclose ...................................................................................................... 6

        C.      Plaintiff's Robo-Signing Allegations Are Insufficient to Support Any Cause of
                Action Against Defendants ......................................................................... 7

        D.      Securitization Does Not Nullify Any Rights Granted Under the Deed of Trust;
                and Plaintiff's "Note-Splitting" Theories Fail ........................................... 8

        E.      In Any Event, Plaintiff Lacks Standing to Challenge Any Purported Improper
                Securitization of the Loan .......................................................................... 9

        F.      Plaintiff Also Lacks Standing to Sue for Defendants' Alleged Violations of
                HAMP ......................................................................................................... 10

        G.      Plaintiff's First Cause of Action for Cancellation of Instrument Fails .................. 11

        H.      Plaintiff's Second Cause of Action for Quiet Title Fails ........................................ 12

        I.      Plaintiff's Third, Fourth and Fifth Causes of Action for Wrongful Foreclosure
                All Fail Because the California Homeowner's Bill of Rights is Not Retroactive... 13

        J.      Plaintiff's Seventh Cause of Action for Violation of the Fair Debt Collection
                Practices Act Fails ...................................................................................... 14

        K.      Plaintiff's Eighth Cause of Action for Violation of California Business and
                Professions Code Section 17200 Fails ...................................................... 15

        L.      Plaintiff's Ninth Cause of Action for Declaratory Relief Fails .............................. 17

        M.      Plaintiff's Tenth Cause of Action for Accounting Fails ......................................... 18

V.      CONCLUSION .................................................................................................... 20

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

# TABLES OF AUTHORITIES

**Cases**

*Abdallah v. United Sav. Bank*,
   43 Cal. App. 4th 1101 (1996) ......................................................................... 5

*American States Ins. Co. v. Kearns*,
   15 F.3d 142 (9th Cir. 1994) .......................................................................... 17

*Arnolds Mgmt. Corp. v. Eischen*,
   158 Cal. App. 3d 575 (1984) ......................................................................... 5

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)................................................................................... 4

*Bank of Am., N.A. v. Roberts*,
   159 Cal. Rptr. 3d 345 (2013) ....................................................................... 10

*Batt v. City and County of San Francisco*,
   155 Cal. App. 4th 65 (2007) ........................................................................ 19

*Bell Atl. Corp. v. Twombly*,
   127 S. Ct. 1955 (2007)................................................................................... 4

*Bennett v. Wells Fargo Bank, N.A.*,
   No. CV 13–01693–KAW, 2013 WL 4104076 (N.D. Cal. Aug. 9, 2013) ............................. 7, 16

*Berryman v. Merit Prop. Mgmt., Inc.*,
   152 Cal. App. 4th 1544 (2007) ..................................................................... 16

*Cal. Ins. Guar. Ass'n v. Sup. Ct.*
   231 Cal. App. 3d 1617 (1991) ...................................................................... 18

*Carpenter v. Longan*,
   83 U.S. 271 (1873)........................................................................................ 9

*Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ................................................................................ 17

*Cleveland v. Aurora Loan Services, LLC*,
   2011 WL 2020565 (N.D. Cal. May 24, 2011).................................................. 10

*Countrywide Home Loans, Inc. v. Mortgage Guar. Ins.*,
   642 F.3d 849 (9th Cir. 2011) ....................................................................... 17

*Davis v. Ford Motor Credit Co. LLC*,
   179 Cal. App. 4th 581 (2009) ...................................................................... 17

*Dick v. American Home Mortgage Servicing, Inc. et al.*,
   2013 U.S. Dist. LEXIS 133755 (E.D. Cal. Sept. 18, 2013)............................... 9

*Dimock v. Emerald Properties, LLC*,
   81 Cal. App. 4th 868 (2000) ...................................................................... 5, 6

*Distor v. U.S. Bank N.A.*,
   2009 U.S. Dist. LEXIS 98361 (N.D. Cal. Oct. 22, 2009) .............................. 12

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

*Duggall v. G.E. Capital Comm. Servs., Inc.*,
   81 Cal. App. 4th 81 (2000) ................................................................ 19

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) ........................................................... 16

*Ebner v. Sheehan*,
   99 Cal. App. 2d 860 (1950) ....................................................... 5, 6, 11

*Elsner v. Uveges*,
   34 Cal. App. 4th 915 (2004) ............................................................... 13

*Escobedo v. Countrywide Home Loans, Inc.*,
   2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009) ................. 10

*Fontenot v. Wells Fargo Bank, N.A.*
   198 Cal. App. 4th 256 (2011) ............................................................ 8, 9

*Gen. of Am. Ins. Co. v. Lilly*,
   258 Cal. App. 2d 465 (1968) .............................................................. 18

*Grogan-Beall v. Ferdinand Roten Galleries, Inc.*,
   133 Cal. App. 3d 969 (1982) ................................................................ 5

*Guglielmelli v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 43063 (C.D. Cal. Mar. 26, 2013) .............. 13, 14

*Gutierrez v. Wells Fargo Bank*,
   2009 WL 322915 (N.D. Cal. Feb. 9, 2009) ......................................... 14

*Hafiz v. GreenPoint Mortgage Funding, Inc.*,
   652 F. Supp. 2d 1039 (N.D. Cal. 2009) ................................................ 8

*Hironymous v. Hiatt*,
   52 Cal. App. 727 (1921) ..................................................................... 11

*Hoffman v. Bank of Am., N.A.*,
   2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) .................. 10

*Hughes v. Beekley*,
   85 Cal. App. 313 (1927) ..................................................................... 11

*In re Mortg. Elec. Registration Sys. (MERS) Litig.*,
   744 F. Supp. 2d 1018 (D. Ariz. 2010) .................................................. 8

*Janis v. Cal. State Lottery Com.*,
   68 Cal. App. 4th 824 (1998) ............................................................... 19

*Javaheri v. JPMorgan Chase Bank, N.A.*,
   No. 10-cv-08185-ODW (FFmx), 2012 WL 3426278 (C.D. Cal. Aug. 13, 2012) ...................... 7

*Johnson v. Riverside Healthcare Sys., LP*,
   534 F.3d 1116 (9th Cir. 2008) .............................................................. 4

*Karlsen v. Am. Sav. & Loan Ass'n*,
   15 Cal. App. 3d 112 (1971) ............................................................ 5, 15

*Kelley v. Mortg. Elec. Regis.*,
   642 F. Supp. 2d 1048 (N.D. Cal. 2009) .............................................. 12

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

*Lai v. Quality Loan Serv. Corp.*,
  2010 WL 3419179 (C.D. Cal. Aug. 26, 2010) .......................................... 14

*Lake Almanor Associates L.P. v. Huffman-Broadway Group, Inc.*,
  178 Cal. App. 4th 1194 (2009) ............................................................... 10

*Lal v. Am. Home Servicing, Inc.*,
  680 F. Supp. 2d 1218 (E.D. Cal. 2010) .................................................. 14

*Lane v. Vitek Real Estate Indus. Group*,
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) .................................................... 9

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ................................................................. 16

*Leeper v. Beltrami*,
  53 Cal. 2d 195 (1959) ............................................................................ 12

*Lopez v. Chase Home Fin., LLC*,
  2009 U.S. Dist. LEXIS 35206 (E.D. Cal. Apr. 8, 2009) ......................... 12

*McGough v. Wells Fargo Bank, N.A.*,
  C12–0050 TEH, 2012 WL 5199411 (N.D. Cal. Oct. 22, 2012) ............ 7, 13

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) .................................................................... 4

*Nool v. HomeQ Servicing*,
  653 F. Supp. 2d 1047 (E.D. Cal. 2009*)* ................................................. 14

*Nwoke v. Countrywide Home Loans, Inc.*,
  251 Fed. Appx. 363 (7th Cir. 2007) ....................................................... 14

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089 (1991) ............................................................... 19

*Pedersen v. Greenpoint Mortg. Funding, Inc.*,
  2011 WL 3818560 (E.D. Cal. Aug. 29, 2011) ........................................ 12

*People v. Whaley*,
  160 Cal. App. 4th 779 (2008) ................................................................ 13

*Permpoon v. Wells Fargo Bank Nat'l Ass'n*,
  Case No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723
  (S.D. Cal. Sept. 29, 2009) ...................................................................... 19

*Perry v. Stewart Title Co.*,
  756 F.2d 1197 (5th Cir. 1985) ............................................................... 14

*Price v. Wells Fargo Bank*,
  213 Cal. App. 3d 465 (1989) ................................................................. 19

*Robertson v. Sup. Ct.*,
  90 Cal. App. 4th 1319 (2001) ................................................................ 11

*Rose v. Bank of Am., N.A.*,
  200 Cal. App. 4th 1441 (2011) .............................................................. 15

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

*Saldate v. Wilshire Credit Corp.,*
   686 F. Supp. 2d 1051 (E.D. Cal. 2010) ............................................................ 15

*Sepehry-Fard v. Aurora Bank,*
   *FSB*, 2013 U.S. Dist. LEXIS 72100 (N.D.Cal. May 21, 2013) ........................... 13

*Sierra-Bay Fed. Land Bank Ass'n v. Sup. Ct.,*
   227 Cal. App. 3d 318 (1991) ............................................................................... 5

*Siliga v. Mortg. Elec. Registration Sys., Inc.,*
   219 Cal. App. 4th 75 (2013) ................................................................................ 9

*St. James Church of Christ Holiness v. Sup. Ct.,*
   135 Cal. App. 2d 352 (1955) ............................................................................. 19

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,*
   165 Cal. App. 3d 1214 (1985) ............................................................................. 5

*Vasquez v. L.A. Cnty.,*
   487 F.3d 1246 (9th Cir. 2007) ............................................................................ 4

*Verdier v. Sup. Ct.,*
   88 Cal. App. 2d 527 (1948) ............................................................................... 18

*Yates v. Aurora Loan Services, LLC,*
   2011 WL 2429376 (N.D. Cal. June 13, 2011) .................................................... 5

**Statutes**

15 U.S.C. § 1692 ...................................................................................................... 14

15 U.S.C. § 1692a .................................................................................................... 14

15 U.S.C. § 1692a(6)(F) .......................................................................................... 14

28 U.S.C. § 2201 ...................................................................................................... 17

28 U.S.C. § 2201(a) ................................................................................................. 17

Cal. Code Civ. Proc. § 1061 .................................................................................... 18

Cal. Code Civ. Proc. § 2924 .................................................................................... 20

Cal. Code Civ. Proc. § 2932 ...................................................................................... 8

Cal. Code Civ. Proc. § 2934 ...................................................................................... 6

Cal. Code Civ. Proc. § 2934a(d) ............................................................................... 6

Cal. Code Civ. Proc. § 2936 ...................................................................................... 9

Cal. Code Civ. Proc. § 338(d) ................................................................................... 7

Cal. Code Civ. Proc. § 3412 .................................................................................... 11

Cal. Code Civ. Proc. § 3413 .................................................................................... 11

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

1         **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         PLEASE TAKE NOTICE that on **September 25, 2014**, at **10:00 a.m.,** or as soon

3 thereafter as may be heard, in the Robert T. Matsui United States Courthouse, 501 I Street,

4 Courtroom 25, 8th Floor, Sacramento, California 95814, defendants Bank of America, N.A.; The

5 Bank of New York Mellon, fka The Bank of New York as Trustee for the Certificate Holders of

6 CWABS 2004-BC1; and ReconTrust Company, N.A. (collectively, "Defendants") will, and

7 hereby do, move this Court, the Honorable Kendall J. Newman presiding, for an Order dismissing

8 the Complaint of Plaintiff Lydia Ordaz pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9 Procedure, in its entirety, for its failure to state a claim upon which relief may be granted against

10 Defendants in this proceeding.

11         This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

12 Points and Authorities, the Request for Judicial Notice and exhibits thereto concurrently filed

13 herewith, all pleadings and records on file in this action, and such briefing, papers and argument as

14 may be permitted in this matter.

15

16 Dated:    August 11, 2014         Respectfully submitted,

17                             **BRYAN CAVE LLP**
                              Andrea M. Hicks

18                             Monique Jewett-Brewster

19

20                             By:  /s/ Monique Jewett-Brewster
                                    Monique Jewett-Brewster

21                             Attorneys for Defendants

22                             BANK OF AMERICA, N.A.; THE BANK OF NEW
                            YORK MELLON FKA THE BANK OF NEW

23                             YORK AS TRUSTEE FOR THE CERTIFICATE
                            HOLDERS OF CWABS 2004-BC1; and

24                             RECONTRUST COMPANY, N.A.

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

By her Complaint, Plaintiff Lydia Ordaz ("Plaintiff") seeks to set aside Defendants' foreclosure sale of the subject property in September 2010.  In support thereof, Plaintiff contends that Defendants Bank of America, N.A.; The Bank of New York Mellon, fka The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-BC1; and ReconTrust Company, N.A. (collectively, "Defendants") improperly securitized the loan at issue, thereby depriving Defendants of their authority to foreclose – despite that the judicially noticeable documents in this case directly contradict that allegation.  Plaintiff challenges Defendants' ability to exercise the Deed of Trust's power of sale remedy on the grounds that certain of the recorded documents are allegedly robo-signed.  She also asserts that Defendants improperly separated the note from the Deed of Trust, resulting in Defendants' loss of their authority to enforce those contracts.  Surrounding these allegations, Plaintiff alleges causes of action for cancellation of instruments, wrongful foreclosure, quiet title, unfair business practices, violations of the Fair Debt Collection Practices Act, accounting and declaratory relief.

In addition to lacking standing to challenge the securitization of the loan and seek the unwinding of the sale, Plaintiff fails to allege facts sufficient to support any legal claim against Defendants in this case.  As a result, and for the reasons set forth herein, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II.  ALLEGATIONS IN THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

In or around September 2003, Lydia Ordaz ("Plaintiff") borrowed $90,000.00 to refinance certain property located at 1429 Locust Drive, Tracy, California (the "Property").  (Compl. ¶ 20.)  The loan was secured by a Deed of Trust recorded on September 8, 2013 in the Official Records of San Joaquin County.  (Compl. ¶ 21, Ex. A; *see also* Ex. A attached to Defendants' Request for Judicial Notice ("RJN") filed concurrently herewith.) The Deed of Trust lists defendant Encore Credit Corp. as the Lender and beneficiary thereunder, and Fidelity National Title Insurance Company as the Trustee.  (*Id.*)

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

The Deed of Trust provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (Ex. A to RJN, § 20.)  The Deed of Trust further provides that loan servicers may be designated to continue to collect the Note's mortgage payments and perform other servicing obligations under the Note after such sale.  (*Id.*)  The Deed of Trust also contains a power of sale upon default, to which Plaintiff expressly agreed:

> If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full … without further demand and may invoke the power of sale …. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. ¶ If Lender invokes the power of sale, … [after notices] … Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder….

(RJN, Ex. A, ¶ 22.)

On March 4, 2010, defendant ReconTrust Company, N.A. ("ReconTrust"), as agent for the beneficiary under the Deed of Trust, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default").  (Compl. ¶ 23, Ex. B; *see also* RJN, Ex. B.)  As required by California Civil Code section 2923.5(b), the Notice of Default attaches a declaration which confirms that BAC Home Loans Servicing LP, a then-subsidiary of defendant Bank of America, N.A. ("BANA"), contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.  (*Id.*)

On March 3, 2010, Encore executed a Substitution of Trustee and Assignment of Deed of Trust which was recorded on April 6, 2010, assigning all beneficial interest under the Deed of Trust to defendant The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificate Holders of CWABS 2004-BC1 ("BNYM"), and substituting ReconTrust as Trustee. (Compl. ¶ 22, Ex. C; *see also* RJN, Ex. C.)

Due to the ongoing, uncured default under the loan, ReconTrust caused to be recorded a Notice of Trustee's Sale on July 7, 2010, which stated that the unpaid balance owed on the loan was $80,162.11.  (Compl. ¶ 24, Ex. D; *see also* Ex. D to RJN.)  In accordance with the Notice of Trustee's Sale, the Property was sold.  (Compl. ¶ 25.)  On September 27, 2010, ReconTrust

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  caused to be recorded a Trustee's Deed Upon Sale which shows that the Property was sold to third

2  party purchaser California Equity Management Group, Inc. at public auction on September 15,

3  2010.  (RJN, Ex. E.)

4  **III.   LEGAL STANDARDS FOR A MOTION TO DISMISS**

5       Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the legal

6  sufficiency of the complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To

7  survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

8  'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

9  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007*)); see also Johnson v.

10  Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6)

11  dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient

12  facts alleged under a cognizable legal theory.'").  "Threadbare recitals of the elements of a cause

13  of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949; *see

14  also Twombly*, 127 S. Ct. at 1959 (Mere "labels and conclusions" and/or "formulaic recitation[s]

15  of the elements of a cause of action" will not suffice to overcome a motion to dismiss. (Citations

16  omitted)).  Rather, the "[f]actual allegations must be enough to raise a right to relief above the

17  speculative level . . . ."  *Twombly,* 127 S. Ct. at 1959.  To determine whether a complaint states a

18  plausible claim for relief, the court must rely on its "judicial experience and common sense."  *Id.*

19  at 1950.

20       A court may dismiss claims without granting leave to amend if amending the complaint

21  would be futile.  *See Vasquez v. L.A. Cnty.,* 487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting

22  Vasquez leave to amend would have been futile, and we hold that the district court did not err in

23  preventing such futility.").

24

25

26

27

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

## IV.    THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY

### A.    Plaintiff Lacks Standing to Set Aside the Foreclosure Sale, or Make Any Viable Claim for Damages Related to the Sale, Because She Fails to Allege Tender

The crux of Plaintiff's Complaint is that Defendants wrongfully foreclosed on the Property and the 2010 foreclosure sale should be set aside.  (*See, e.g.,* Compl. ¶¶ 69, 71, 80-81; Prayer.) However, Plaintiff's claims to set aside the sale fail because Plaintiff has not alleged tender of all amounts due and owing under the loan.  Likewise, all of Plaintiff's claims implicitly integrated with the challenged sale (i.e., all causes of action stated in the Complaint) also fail as a matter of law on the same ground.

The principle that tender is required to challenge foreclosure proceedings has been repeatedly reaffirmed by California courts.  *See Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996); *Sierra-Bay Fed. Land Bank Ass'n v. Sup. Ct.*, 227 Cal. App. 3d 318, 337 (1991) (stating that for a debtor to challenge a foreclosure sale, "the debtor must offer to do equity by making a credible tender or otherwise offering to pay his debt"); *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale"); *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971).  In addition, the tender requirement applies to any claim "implicitly integrated" with the foreclosure sale – not merely claims that challenge the sale, but also those that seek damages related to the sale.  *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984); *Karlsen*, 15 Cal. App. 3d at 121 (breach of contract and accounting were implicitly integrated with the foreclosure sale and failed absent tender).

Further, Plaintiff's failure to allege tender is fatal to her requests for equitable relief.  The rules of tender apply where equitable remedies are sought.  *Dimock v. Emerald Properties, LLC*, 81 Cal. App. 4th 868, 878 (2000) ("This requirement is based on the theory that one who is relying upon equity . . . is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose."); *cf. Yates v. Aurora Loan Services, LLC*, 2011 WL 2429376,

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

1   at *4 (N.D. Cal. June 13, 2011) (rescission and restitution); *Grogan-Beall v. Ferdinand Roten*

2   *Galleries, Inc.*, 133 Cal. App. 3d 969, 979 (1982) (mutual restitution); *Ebner v. Sheehan*, 99 Cal.

3   App. 2d 860, 864 (1950) (cancellation of note or deed of trust).

4        In order to set aside the foreclosure sale, pursuant to well-established California law,

5   Plaintiff is required to allege that she has tendered or is currently willing and able to tender the

6   entire amount due.  Plaintiff has failed to do so.  (*See generally* Compl.)  Consequently, Plaintiff

7   lacks standing to challenge the validity of the subject foreclosure proceedings, and all of her

8   claims for equitable relief and damages related thereto concomitantly fail.  The Court should

9   dismiss each of Plaintiff's wrongful foreclosure claims without leave to amend on this ground

10  alone.

11      **B.**     **The Judicially Noticeable Documents Evince Defendants' Standing to**

12                **Foreclose**

13       The judicially noticeable recorded documents clearly establish Defendants' standing and

14  authority to foreclose.  The Deed of Trust identifies Encore as Lender and beneficiary thereunder.

15  (See RJN, Ex. A.)  In accord with its designation as beneficiary under the Deed of Trust, Encore

16  properly assigned all beneficial interest thereunder to BNYM as evidenced by the recorded

17  Assignment of Deed of Trust.  (*Id.*, Ex. C.)  At the same time, Encore duly recorded its

18  Substitution of Trustee appointing ReconTrust as the new Trustee under the Deed of Trust.  (*Id.*)

19  A lender "may make a substitution of trustee . . . to conduct the foreclosure and sale."  *See* Cal.

20  Civ. Code § 2934; *see also Dimock*, *supra,* 81 Cal. App. 4th at 871.  A recorded substitution of

21  trustee is "conclusive evidence" that the substituted trustee is "authorized to act as the trustee

22  under the mortgage or deed of trust for all purposes from the date the substitution is executed by

23  the mortgagee, beneficiaries, or by their authorized agents."  Cal. Civ. Code § 2934a(d).

24       Here, it is clear that ReconTrust, acting under its authority as the substituted Trustee, and

25  as agent for the beneficiary, properly issued and recorded the Notice of Default, Notice of

26  Trustee's Sale and Trustee's Deed Upon Sale.  (*See* RJN, Exs. B, D and E.)  Plaintiff asserts that

27  "[a]ll Defendants are operating on a void relationship from the purported assignment of the Deed

28  of Trust against the Property," and as a result, none of the named Defendants have authority to

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

foreclose.  (Compl. at ¶ 51.)  However, Plaintiff's allegations are expressly contradicted by the mere existence and legal effect of the judicially noticeable recorded documents which demonstrate Defendants' standing to foreclose.  Plaintiff's wrongful foreclosure claims also fail on this ground.

### C.   Plaintiff's Robo-Signing Allegations Are Insufficient to Support Any Cause of Action Against Defendants

In her Complaint, Plaintiff alleges that the Assignment of Deed of Trust and Substitution of Trustee was fraudulently " robo-signed," thereby allegedly invalidating the foreclosure proceedings in their entirety.  (*See, e.g.,* Compl. ¶¶ 32-38.)  However, even if this were true, several federal courts sitting in California have determined that *plaintiffs do not have standing to contest the validity of robo-signatures.  See, e.g., Bennett v. Wells Fargo Bank, N.A.*, No. CV 13–01693–KAW, 2013 WL 4104076, at *6 (N.D. Cal. Aug. 9, 2013); *McGough v. Wells Fargo Bank, N.A.,* C12–0050 TEH, 2012 WL 5199411, at *6 (N.D. Cal. Oct. 22, 2012) ("Plaintiff cannot show that [the alleged robo-signing] resulted in prejudice to him as the borrower because his default caused the foreclosure.")       As elucidated by the *Bennett* court,

> . . . [P]laintiff lacks standing to contest the validity of a robo-signature, because his foreclosure was the result of not making payments and entering default, such that *[plaintiff] did 'not suffer an injury as a result of the assignment of deed of trust, even if the assignment was fraudulent.'*

*Bennett, supra,* 2013 WL 4104076, at *6 (internal citations omitted) (emphasis supplied).
*See also Javaheri v. JPMorgan Chase Bank, N.A.,* No. 10-cv-08185-ODW (FFmx), 2012 WL 3426278, at *6 (C.D. Cal. Aug. 13, 2012) ("While the allegation of [Deborah Brignac's] robo-signing may be true, the Court ultimately concludes that [plaintiff] lacks standing to seek relief under such an allegation.")  As Plaintiff lacks standing to contest the validity of the alleged robo-signatures, her robo-signing allegations fail to state any claim for which relief may be granted against Defendants in this case.

Finally, fraud claims are subject to a *three-year* statute of limitations.  *See* Cal. Code Civ. Proc. § 338(d).  Plaintiff's fraudulent robo-signing claims are based on allegations surrounding a Substitution of Trustee and Assignment of Deed of Trust which was undisputedly executed and

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

1   recorded in *2010*. (Compl. ¶ 22, Ex. C; RJN, Ex. C.)  Since Plaintiff commenced the instant case

2   in 2014 – almost four years after the alleged fraud took place – Plaintiff's robo-signing claims are

3   time-barred and fail for this additional reason.

4        **D.    Securitization Does Not Nullify Any Rights Granted Under the Deed of Trust;**

5             **and Plaintiff's "Note-Splitting" Theories Fail**

6        Almost the entirety of the Complaint is based on Plaintiff's assertion that Defendants

7   improperly securitized the loan by failing to assign the beneficial interest in the note with the Deed

8   of Trust.  (Compl. ¶¶ 22-24, 51, 53.)  As Plaintiff alleges in the Complaint, "the note was not

9   assigned, and thus, there is no security upon which Defendant [BANA] and [BNYM ] or any

10  Defendant acts."  (Compl. ¶ 81.)  Plaintiff concludes that the note was not assigned because the

11  Assignment of Deed of Trust at issue "<u>does not include the 'promissory note</u>' as no reference to

12  the promissory note is made in the assignment language."  (Compl. ¶ 22) (emphasis in original.)

13  Plaintiff's position is untenable for the following reasons.

14       First, the recording of an assignment has no bearing on the assignment of the debt

15  evidenced by a note.  As the Court of Appeals explained in *Fontenot v. Wells Fargo Bank, N.A.*

16  198 Cal. App. 4th 256 (2011), "*assignments of debt*, as opposed to assignments of the security

17  interest incident to the debt, *are commonly not recorded*.  The lender could readily have assigned

18  the promissory note to [the trustee of the securitized trust] in an unrecorded document that was not

19  disclosed to plaintiff." *Id.,* at 272 (emphasis supplied).

20       Second, Plaintiff's purported note-splitting theory is meritless. The note-splitting theory

21  advanced by Plaintiff asserts that if the noteholder is not the same as the beneficiary under the

22  deed of trust, the loan is "split" from its security, and becomes unenforceable.  However, this

23  theory has been soundly rejected by the courts.  *See, e.g., In re Mortg. Elec. Registration Sys.*

24  *(MERS) Litig.*, 744 F. Supp. 2d 1018, 1026 (D. Ariz. 2010) (rejecting the note-splitting theory).

25  Indeed, California Civil Code section 2932 permits the power of sale in a deed of trust to be

26  conferred on anyone, not just the noteholder: "[a] power of sale may be conferred by a mortgage

27  upon the mortgagee or any other person[.]" Cal. Civ. Code § 2932 (emphasis added).  As a result,

28  this theory, though wildly popular on the internet, is wrong.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1    Finally, it is well-settled that the power of sale, which Plaintiff expressly granted in the

2    Deed of Trust, is not nullified when a loan is securitized. *Hafiz v. GreenPoint Mortgage Funding,*

3    *Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Lane v. Vitek Real Estate Indus. Group*, 713 F.

4    Supp. 2d 1092, 1099 (E.D. Cal. 2010).  A secured promissory note traded on the secondary market

5    remains secured because *the mortgage or deed of trust follows the note*. *See* Cal. Civ. Code §

6    2936.  This is not only the law of California, but long has been the law of the United States.  See

7    *Carpenter v. Longan*, 83 U.S. 271, 274 (1873) ("The transfer of the note carries with it the

8    security, without any formal assignment of delivery.…").

9    For these reasons, Plaintiff's "note-splitting" theories and securitization arguments all fail

10   to state any viable claims for relief against Defendants here.

11   **E.    In Any Event, Plaintiff Lacks Standing to Challenge any Purported Improper**

12   **Securitization of the Loan**

13   When challenging improper securitization of a loan, a plaintiff must demonstrate that a

14   defendant's actions prejudiced plaintiff from making his or her mortgage payments. *Fontenot*,

15   198 Cal. App. 4th at 272.  Specifically, Plaintiff must show that Defendants' actions changed

16   Plaintiff's obligations under the note, interfered with her ability to pay her debt, or caused her to

17   face foreclosure when she would not have under the original lender. *Id.*  Several recent decisions

18   are in agreement. *Siliga v. Mortg. Elec. Registration Sys., Inc.,* 219 Cal. App. 4th 75, 84-85

19   (2013) (upholding lower court's sustaining of demurrer without leave to amend, holding

20   assignments of note and deed of trust did not change plaintiff's payment obligations and therefore

21   they failed to show prejudice.); *Dick v. American Home Mortgage Servicing, Inc. et al.*, 2013 U.S.

22   Dist. LEXIS 133755, at *9 (E.D. Cal. Sept. 18, 2013) (dismissing plaintiffs' claim because "[t]hey

23   do not allege that the allegedly improper transfer interfered with their ability to pay their note or

24   that the original lender would have refrained from foreclosure under the circumstances.").

25   Here, Plaintiff has failed to allege how any errors in the Assignment of Deed of Trust or

26   securitization of the loan interfered with her ability to make her payments.  (*See generally* Compl.)

27   Nor does Plaintiff allege that, absent the loan's securitization, she would not have faced

28

1    foreclosure. (*Id.*)  As such, Plaintiff lacks standing to challenge the sale on any failed

2    securitization ground.

3        F.    **Plaintiff Also Lacks Standing to Sue for Defendants' Alleged Violations of**

4              **HAMP**

5        Plaintiff alleges in her Complaint that Defendants failed to comply with several

6    unspecified but nonetheless purportedly applicable directives of the Home Affordable

7    Modification Program ("HAMP").  (Compl. ¶¶ 42-45.)  To the extent that Plaintiff bases any of

8    her causes of action on Defendants' alleged violations of HAMP, her claims must fail.

9        California law "excludes enforcement of a contract by persons who are only incidentally or

10   remotely benefited by it."  *Lake Almanor Associates L.P. v. Huffman-Broadway Group, Inc.* 178

11   Cal. App. 4th 1194, 1199 (2009).  Significantly, "numerous courts have determined that individual

12   borrowers… are not intended third-party beneficiaries of [HAMP]*.*"  *See, e.g., Cleveland v.*

13   *Aurora Loan Services, LLC*, 2011 WL 2020565, *4 (N.D. Cal. May 24, 2011) (emphasis supplied)

14   (collecting cases, and dismissing breach of contract, declaratory relief, and unfair trade practices

15   claims where such claims were based on lender's purported violation of HAMP).

16       More specifically, courts have consistently held that HAMP participation agreements

17   between lenders and the federal government do not create any such rights in borrowers.

18   "Qualified borrowers are incidental beneficiaries of the [HAMP participation agreement] and do

19   not have enforceable rights under the contract.  Therefore, Plaintiff lacks standing to sue for an

20   alleged breach of the [HAMP participation agreement]."  *Escobedo v. Countrywide Home Loans,*

21   *Inc.*, 2009 U.S. Dist. LEXIS 117017, at *6-7 (S.D. Cal. Dec. 15, 2009) (emphasis supplied).  Also,

22   HAMP "is a federal program that facilitates mortgage modifications for borrowers in danger of

23   foreclosure …  lenders are not required to make loan modifications for borrowers that qualify

24   under HAMP nor does the servicer's agreement confer an enforceable right on the borrower.

25   [There is no] private right of action under HAMP."  *Hoffman v. Bank of Am., N.A.*, 2010 U.S. Dist.

26   LEXIS 70455, at *15 (N.D. Cal. June 30, 2010); *see also Bank of Am., N.A. v. Roberts*, 159 Cal.

27   Rptr. 3d 345, 356 (2013) (collecting cases).

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

1    The same is true in the present case.  Plaintiff has not alleged any facts to show she is a

2    third party beneficiary entitled to bring a private action for any alleged violation of HAMP on

3    Defendants' part.  What is more, Plaintiff's Complaint does not state on its face that Plaintiff's

4    loan is eligible for modification under the HAMP program.  Plaintiff is barred from suing under

5    HAMP because, at best, she is an incidental beneficiary without standing to sue.  Accordingly,

6    Plaintiff's contention that Defendants have violated HAMP do not state a claim for relief in this

7    proceeding.

8    **G.    Plaintiff's First Cause of Action for Cancellation of Instrument Fails**

9    Plaintiff's first cause of action seeks cancellation of the loan documents.  As pled by

10   Plaintiff, "[a]ll of Defendants' actions are predicated on a void assignment of the Deed of Trust …

11   to "[BNYM]." No Defendant acquired the Note…. [T]hus, no Defendants have any ownership

12   interest [therein]."  (Compl. ¶¶  51, 53.)

13   Cancellation of instruments is appropriate when there is "[a] written instrument, in respect

14   to which there is reasonable apprehension that if left outstanding it may cause serious injury to a

15   person against whom it is void or voidable." Cal. Civ. Code § 3412.  Thus, a complaint to cancel

16   an instrument must state facts showing that the instrument is void or voidable.  *Hughes v. Beekley*,

17   85 Cal. App. 313, 316 (1927).  In order to allege a valid claim for cancellation of an instrument, a

18   plaintiff must allege facts that, if true, support a finding that the instrument at issue was procured

19   by fraud, accident or mistake.  *Hironymous v. Hiatt*, 52 Cal. App. 727, 731 (1921) (abrogated on

20   other grounds in *Robertson v. Sup. Ct.*, 90 Cal. App. 4th 1319 (2001)). The plaintiff must also

21   allege the "apparent validity" and "actual invalidity" of the instrument and an apprehension of

22   serious injury.  Cal. Civ. Code § 3413; *Hughes*, 85 Cal. App. at 316.

23   As discussed in section IV(B), *supra*, in light of the judicially noticeable documents,

24   Plaintiff cannot establish that Defendants lack authority to foreclose or that any of the loan

25   instruments were "procured by fraud, accident, or mistake."  Further, as outlined in section IV(C)

26   above, Plaintiff lacks standing to seek cancellation of any instrument due to the purported robo-

27   signing of any of the recorded documents.  Finally, for the reasons set forth in section IV(A)

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

1    herein, Plaintiff's failure to allege tender also deprives her of any standing to obtain this

2    substantial equitable relief. *See Ebner, supra,* 99 Cal. App. 2d at 864.

3          As Plaintiff fails to state a valid claim for cancellation of instruments in her Complaint, the

4    Court should dismiss the first cause of action without leave to amend.

5          **H.   Plaintiff's Second Cause of Action for Quiet Title Fails**

6          In her second cause of action to quiet title, Plaintiff denies that Defendants have any right

7    to enforce the Note or Deed of Trust.  (Compl. ¶ 69.)  As Plaintiff alleges in the Complaint,

8    "Plaintiff claims fee simple ownership [as of] March 3, 2010 [sic], when assignment of the deed of

9    trust occurred but not the assignment of the note."  (Compl. ¶ 66.)  This claim fails.

10         First, "[t]ender of the indebtedness is required to quiet title in California." *Pedersen v.*

11   *Greenpoint Mortg. Funding, Inc.,* 2011 WL 3818560, at *13 (E.D. Cal. Aug. 29, 2011); *Kelley v.*

12   *Mortg. Elec. Regis.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . .

13   that they have satisfied their obligation under the Deed of Trust.  As such, they have not stated a

14   claim to quiet title.").  As discussed in section IV(B) *supra*, Plaintiff's failure to allege tender

15   deprives her of standing to pursue this cause of action.

16         Second, quieting title is not itself an independent cause of action, but rather is "the relief

17   granted once a court determines that title belongs to plaintiff." *Leeper v. Beltrami*, 53 Cal. 2d 195,

18   216 (1959).  "In other words, in such a case, the plaintiff must show he has a substantive right to

19   relief before he can be granted any relief at all." *Id.*  As discussed herein, all of Plaintiff's other

20   causes of action fail as a matter of law.  As Plaintiff has failed to show that she has any substantive

21   right to relief in this case, her derivative claim for quiet title must be dismissed.

22         Finally, a borrower may not quiet title after the foreclosure sale has taken place.

23   "[B]ecause the property has already been sold, quiet title is no longer an appropriate action to seek

24   to undo the foreclosure. [The] claim to title has already been extinguished." *Distor v. U.S. Bank*

25   *N.A.*, 2009 U.S. Dist. LEXIS 98361, at *17 (N.D. Cal. Oct. 22, 2009) (emphasis supplied). In

26   other words, "[i]f the foreclosure is successful, title will change, and the quiet title claim is an

27   improper means to challenge foreclosure.  Nothing is available .... to resurrect the .... quiet title

28   cause of action, which is subject to dismissal." *Lopez v. Chase Home Fin., LLC*, 2009 U.S. Dist.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  LEXIS 35206, *18 (E.D. Cal. Apr. 8, 2009).  The sale at issue took place in *2010*.  *See* RJN, Ex.

2  E.  As the Property has been sold, Plaintiff's quiet title cause of action lacks merit.

3           For all of these reasons, the second cause of action should be dismissed with prejudice.

4       **I.      Plaintiff's Third, Fourth and Fifth Causes of Action for Wrongful Foreclosure**

5               **All Fail Because the California Homeowner's Bill of Rights is Not Retroactive**

6           Plaintiff admits that the California Homeowner's Bill of Rights ("HOBR") "[t]he full

7  California panoply of the [HOBR's] new homeowner protection laws took effect on January 1,

8  2013".  (Compl. ¶ 46.)  However, Plaintiff bases her third, fourth and fifth causes of action for

9  wrongful foreclosure on Defendants' purported violations of the HOBR, despite that the

10 challenged foreclosure documents all were recorded in 2010, years before the enactment of the

11 HOBR. (*See* Exs. B and D to RJN.) Accordingly, Plaintiff's third cause of action for violations of

12 Civil Code section 2924(a)(6), fourth cause of action for violations of Civil Code section 2923.55,

13 and fifth cause of action for violations of Civil Code sections 2923.6(e)(1)-(2) and 2923.6(f) *all*

14 fail as a matter of law because they were not applicable to the subject Notice of Default and Notice

15 of Trustee's Sale, and Plaintiff cannot establish that the HOBR should be applied retroactively.

16          Absent a clear statement of intent in the statute to indicate that it be given retroactive

17 application, a statute is presumed to operate prospectively.  *See People v. Whaley*, 160 Cal. App.

18 4th 779, 793-94 (2008); *Elsner v. Uveges*, 34 Cal. App. 4th 915, 938-39 (2004).  If the Legislature

19 had intended that the HOBR apply retroactively, it could have stated such an intent expressly in

20 the statute.  It did not do so here.  Numerous courts interpreting the HOBR's application have

21 arrived at the same conclusion.  *See, e.g., McGough v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist.

22 LEXIS 151737, at *16, n.1 (N.D.Cal. Oct. 22, 2012) (noting that the HOBR did not take effect

23 until January 1, 2013, and "there is no indication that the law is intended to be, or will be, applied

24 retroactively"); *see also Sepehry-Fard v. Aurora Bank, FSB*, 2013 U.S. Dist. LEXIS 72100, at *8-

25 9 (N.D.Cal. May 21, 2013) (same); *Guglielmelli v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist.

26 LEXIS 43063, at *10 (C.D. Cal. Mar. 26, 2013) ("there is no authority stating that the[] provisions

27 of the [HOBR] are to be applied retroactively").

28

1    As Plaintiff cannot plead a set of facts in this proceeding which would state a claim against

2    Defendants for violations of Civil Code sections 2924(a)(6), 2923.55, 2923.6(e)(1)-(2) and

3    2923.6(f), the Court should dismiss Plaintiff's third, fourth and fifth causes of action without leave

4    to amend.

5    **J.**     **Plaintiff's Seventh Cause of Action for Violation of the Fair Debt Collection**

6              **Practices Act Fails**

7    In her seventh cause of action[1], Plaintiff alleges that Defendants violated the Fair Debt

8    Collection Practices Act codified at 15 U.S.C. § 1692, et seq. ("FDCPA") by improperly engaging

9    in foreclosure activity when they had no right to foreclose on the Property.  (Compl. ¶ 102.)

10   Plaintiff argues that Defendants lack standing to foreclose because "Defendant[] never acquired

11   the note to [sic] the deed of trust or secured by the deed of trust."  (*Id.*)  This claim also fails.

12   As a preliminary matter, to state a claim for violation of the FDCPA, "a plaintiff must

13   allege that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a."  *Gutierrez*

14   *v. Wells Fargo Bank*, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009).  Congress enacted the

15   FDCPA to "protect[] debtors from improper practices of 'debt collectors' – third parties who

16   attempt to recoup debts owed to creditors*."  Nwoke v. Countrywide Home Loans, Inc.*, 251 Fed.

17   Appx. 363, 364-65 (7th Cir. 2007).  However, the FDCPA's regulation of third party debt

18   collectors does not apply to lenders attempting to collect on residential loans "which w[ere]

19   originated by such [lender]," or reach a lender's servicing company where the "debt [] was not in

20   default at the time it was obtained by such [servicing company.]"  *See* 15 U.S.C. § 1692a(6)(F);

21   *Lal v. Am. Home Servicing, Inc.,* 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010).  Thus, "the law is

22   well-settled that FDCPA's definition of debt collector 'does not include the consumer's creditors,

23   a mortgage servicing company, or any assignee of the debt.'"  *Lal*, 680 F. Supp. 2d at 1224 (E.D.

24   Cal. 2010) (*quoting Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis

25   added); *see also, e.g., Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2009*);

26   Lai v. Quality Loan Serv. Corp.*, 2010 WL 3419179, at *2 (C.D. Cal. Aug. 26, 2010) ("As a matter

---

[1] The Complaint fails to state a sixth cause of action. *See generally* Compl.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

of law, Plaintiff's claim must fail because none of the Defendant[] [lenders, assignees, or servicers] are 'debt collectors' within the meaning of the act.").

Here, Plaintiff cannot allege with any merit that any of the Defendants is a "debt collector" as defined by the FDCPA statute.  Rather, at all times relevant: (i) BNYM was the assignee of the lender's beneficial interest under the Deed of Trust, (ii) BANA was operating as the servicer of the loan, and (iii) ReconTrust was the foreclosure Trustee, acting in its capacity as agent for the beneficiary, BNYM.  (RJN, Exs. A-E.)  Therefore, Defendants are not debt collectors within the meaning of the statute, and Plaintiff has failed to state a claim against Defendants for violation of the FDCPA.

The seventh cause of action for Defendants' violation of the FDCPA also fails because the judicially noticeable documents demonstrate Defendants' standing to foreclose, and securitization of the loan did not nullify the power of sale remedies afforded under the Deed of Trust. (*See* sections IV(B) and (D), *supra*.)  Nor does Plaintiff have standing to challenge the foreclosure based on any improper securitization theories. (*See* sections IV(C) and (E), *supra*.)

As Plaintiff has failed to – and simply cannot – properly plead any violation of the FDCPA by Defendants, the Court should dismiss the seventh cause of action with prejudice accordingly.

## K.   Plaintiff's Eighth Cause of Action for Violation of California Business and Professions Code Section 17200 Fails

Plaintiff alleges in her eighth cause of action that Defendants committed "unlawful, unfair, and/or fraudulent business practices" in violation of California's Unfair Competition Law ("UCL"), codified at Business & Professions Code section 17200, *et seq.*  These allegations fail to state any viable claim for relief against Defendants.

As a threshold consideration, these claims fail because Plaintiff lacks standing to assert them.  As discussed in section IV(A) above, the rules of tender apply where equitable remedies are sought.  *See Karlsen, supra*, 15 Cal. App. 3d at 118.  "Recovery [under UCL] is limited to injunctive relief and restitution."  *Rose v. Bank of Am., N.A.*, 200 Cal. App. 4th 1441, 1448 (2011).  Thus, "[w]ithout [Plaintiff's] meaningful tender, Plaintiff seeks empty remedies, not capable of being granted."  *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1059-61 (E.D. Cal. 2010)

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  (dismissing 17200 claim).  As Plaintiff has failed to allege her ability to tender the amount due on

2  the loan, Plaintiff can make no viable claims under the UCL.

3         Substantively, Plaintiff alleges no unlawful, fraudulent, or unfair conduct because her other

4  causes of action all fail.  A "violation of another law is a predicate for stating a cause of action

5  under the UCL's unlawful prong." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544,

6  1554 (2007).  "In effect, the UCL borrows violations of other laws … and makes those unlawful

7  practices actionable under the UCL." *Lazar v. Hertz Corp.,* 69 Cal. App. 4th 1494, 1505 (1999).

8  A complaint that fails to allege a violation of the underlying law "necessarily fail[s]" to state a

9  cause of action under the UCL.  *Id.*  Here, Plaintiff fails to establish the violation of any law, so

10  accordingly, she fails to establish any UCL violations under the unlawful prong.

11         Plaintiff also fails to plead any fraudulent conduct for which she has standing to pursue

12  claims.  Plaintiff's "fraudulent" claims plead under the UCL appear to arise from the purported

13  robo-signing of the Assignment of Deed of Trust.  (Compl. ¶¶ 22, 32-29.)  However, as discussed

14  in section IV(C), *supra*, Plaintiff lacks standing to contest the validity of any robo-signatures.  *See*

15  *Bennett, supra,* 2013 WL 4104076, at *6 (observing that the plaintiff did not suffer an injury as a

16  result of the assignment of deed of trust, even if the assignment was fraudulent).  Thus, Plaintiff

17  fails to plead any actionable fraudulent conduct under this statute.

18         Plaintiff further fails to plead adequate facts to justify her claim for "unfair" business

19  practices.  In consumer cases, courts apply at least four tests for finding unfair conduct within the

20  meaning of section 17200.

21         • First, some courts have concluded that a business activity is unfair "when it offends

22            an established public policy or when the practice is immoral, unethical, oppressive,

23            unscrupulous or substantially injurious to consumers." *Durell v. Sharp Healthcare*,

24            183 Cal. App. 4th 1350, at 1364-65 (2010) (internal quotations and citations

25            omitted).

26         • Second, other courts have applied a balancing test, holding that the trial court "must

27            weigh the utility of the defendant's conduct against the gravity of the harm to the

28            alleged victim."  *Id.* at 1365 (internal quotations and citations omitted).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

- Third, other courts have held that "where a claim of an unfair act or practice is predicated on public policy, … that public policy which is a predicate to the action must be tethered to specific constitutional, statutory or regulatory provisions." *Id.* at 1365-66 (internal quotations and citations omitted).

- Fourth, other courts have relied on the anti-trust analysis set forth in *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999), and adopted a three-part test arising from section 5 of the Federal Trade Commission Act: "(1) [t]he consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Davis v. Ford Motor Credit Co. LLC*, 179 Cal. App. 4th 581, 597-98 (2009).

Plaintiff cannot state a claim under any of these definitions of unfair business practices. As Plaintiff appears to base her UCL claim on her other causes of action, these cannot establish UCL violations under the unfair prong because they all fail.  Moreover, Plaintiff does not allege any activity on the part of Defendants that could be considered "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."   Nor has Plaintiff alleged any established public policy that Defendants have purportedly violated.  Plaintiff simply has not pled any facts demonstrating a UCL violation by Defendants under any of the tests for the unfair prong.

For these reasons, the Court should dismiss Plaintiff's seventh cause of action without leave to amend.

**L.      Plaintiff's Ninth Cause of Action for Declaratory Relief Fails**

The Declaratory Judgment Act ("DJA"), codified at 28 U.S.C. § 2201, gives federal courts authority to grant declaratory relief.  However, the DJA does not create an independent cause of action.  *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins.*, 642 F.3d 849, 853 (9th Cir. 2011). A federal court has the power to hear a declaratory judgment action only if the case is otherwise within its subject-matter jurisdiction and involves an actual controversy.  28 U.S.C. § 2201(a), *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994).  Plaintiff's request for

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1   declaratory relief is not appropriate because there is not an actual controversy.  As detailed above,

2   Plaintiff fails to state a claim on which relief can be granted in this case, and thus there is no actual

3   claim or controversy eligible for declaratory relief.

4   But, assuming Plaintiff's failure to plead an actual controversy is not enough to warrant

5   this Court's dismissal of her claim, a request for declaratory relief may be refused where the

6   court's declaration or determination "is not necessary or proper at the time under all the

7   circumstances." Cal. Code Civ. Proc. § 1061.  Where the very issues raised in a cause of action for

8   declaratory relief will be resolved by other causes of action before the court, a request for

9   declaratory relief is unnecessary and serves no purpose.  *Cal. Ins. Guar. Ass'n v. Sup. Ct.* 231 Cal.

10  App. 3d 1617, 1623-24 (1991); *see Gen. of Am. Ins. Co. v. Lilly,* 258 Cal. App. 2d 465, 471 (1968)

11  (finding that availability of another form of relief for a plaintiff will usually justify the refusal to

12  grant declaratory relief).

13  Here, Plaintiff's ninth cause of action for declaratory relief invokes the exact same

14  allegations upon which all of Plaintiff's other claims are based. (Compl. ¶ 119, confirming the

15  controversy for which Plaintiff seeks declaratory relief is "[t]he right of any Defendant to

16  foreclose on the Property in light of the fact that defective assignments have taken place, the fact

17  that there is no evidence that the note was assigned to BNYM …, and the matter of when any of

18  the Defendants acquired their purported beneficiary rights.") Because these allegations are raised

19  and resolved in connection with her other causes of action, including ones that request a

20  declaration of rights concerning Plaintiff's interest in the Property, the Court should dismiss

21  Plaintiff's ninth cause of action for declaratory relief accordingly.  *See Lilly*, 258 Cal. App. 2d at

22  471.

23  **M.      Plaintiff's Tenth Cause of Action for Accounting Fails**

24  Plaintiff's tenth cause of action is premised on the conclusory allegation that Defendants

25  have misapplied some or all of the monies Plaintiff has paid on the loan.  (Compl. ¶ 127.)  This

26  claim fails on several grounds.

27  As an initial matter, Plaintiff's demand for an accounting fails because it is not a cause  of

28  action.  "An action for an accounting . . . is a proceeding in equity for the purpose of obtaining a

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the

2  amount due, administer full relief and render complete justice." *Verdier v. Sup. Ct.*, 88 Cal. App.

3  2d 527, 530 (1948) (internal citations omitted).

4        The right to an accounting is not a cause of action, but a remedy. *See Batt v. City and*

5  *County of San Francisco,* 155 Cal. App. 4th 65, 82 (2007) ("[an accounting is] not an independent

6  cause of action but merely a type of remedy") (internal quotations omitted); *Duggall v. G.E.*

7  *Capital Comm. Servs., Inc.*, 81 Cal. App. 4th 81, 95 (2000) ("The right to an accounting is

8  derivative and depends on the validity of a plaintiff's underlying claims."). Thus, "[a] right to an

9  accounting is derivative; it must be based on other claims." *Janis v. Cal. State Lottery Com.*, 68

10  Cal. App. 4th 824, 833-834 (1998); *see also St. James Church of Christ Holiness v. Sup. Ct.*, 135

11  Cal. App. 2d 352, 359 (1955) ("An accounting will not be accorded with respect to a sum that a

12  plaintiff seeks to recover and alleges in his complaint to be a sum certain."). In sum, "[a] suit for

13  an accounting will not lie where it appears from the complaint that none is necessary or that there

14  is an adequate remedy at law." *Id.*

15        As discussed in detail above, all of Plaintiff's other causes of action fail. As such, she fails

16  to demonstrate that she is entitled to the remedy of an accounting.

17        Plaintiff's tenth cause of action additionally fails because Plaintiff does not plead a

18  fiduciary duty or a sufficiently complicated account.  "An action for an accounting . . . is a

19  proceeding in equity. [It] may be brought to compel the defendant to account to the plaintiff for

20  money or property, (1) where a fiduciary relationship exists between the parties, or (2) where,

21  though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal

22  action demanding a fixed sum is impracticable." 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading,

23  § 775 at p. 23.

24        There is no fiduciary relationship between a lender and its borrowers. "The relationship

25  between a lending institution and its borrower-client is not fiduciary in nature."  *Nymark v. Heart*

26  *Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089 (1991); *see also Price v. Wells Fargo Bank*, 213

27  Cal. App. 3d 465, 476-78 (1989) (finding no fiduciary duty in the "relationship between a bank

28  and its loan customers"). Similarly, the general rule is that mortgage servicers, beneficiaries under

a deed of trust, and foreclosure trustees also do not owe any fiduciary duties to borrowers. *See Permpoon v. Wells Fargo Bank Nat'l Ass'n*, Case No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *10-*11 (S.D. Cal. Sept. 29, 2009).

Moreover, the amount due on a mortgage loan is not so complicated that an ordinary legal action demanding a fixed sum is impracticable. The statutory non-judicial foreclosure scheme tacitly recognizes that calculating the amount due on a loan is not complicated, as it does not require judicial supervision. *See* Cal. Civ. Code § 2924, et seq.

As a final note, and as discussed in section IV(A) above, Plaintiff's failure to allege tender deprives her of standing to seek an accounting "implicitly integrated" with the foreclosure sale. *See Karlsen*, 15 Cal. App. 3d at 121 (accounting claim implicitly integrated with the foreclosure sale failed absent tender).

Consequently, the Court should dismiss Plaintiff's tenth cause of action for accounting without leave to amend.

## V.   **CONCLUSION**

Plaintiff has failed to state a claim upon which relief may be granted against Defendants in this case.  In addition, the myriad deficiencies evident on the face of the Complaint cannot be cured by amendment. The Complaint should be dismissed with prejudice accordingly.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

SF01DOCS\211465.2

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF

Dated:    August 11, 2014                    Respectfully submitted,

**BRYAN CAVE LLP**
Andrea M. Hicks
Monique Jewett-Brewster


By:  /s/ Monique Jewett-Brewster
          Monique Jewett-Brewster
Attorneys for Defendants
BANK OF AMERICA, N.A.; THE BANK OF NEW
YORK MELLON FKA THE BANK OF NEW
YORK AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWABS 2004-BC1; and
RECONTRUST COMPANY, N.A.

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

SF01DOCS\211465.2

21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MPAS IN SUPPORT THEREOF