UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA ORDAZ, | No. 2:14-cv-00564-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

Plaintiff Lydia Ordaz ("Plaintiff") brought this action against Bank of America, N.A. and various other financial institutions (collectively "Defendants") to set aside the September 2010 trustee's sale of her home. After Plaintiff twice failed to respond to Defendants' Motions to Dismiss (ECF Nos. 8 and 17), the Court dismissed her claims without leave to amend and entered judgment for Defendants. ECF No. 24. Presently before the Court is Plaintiff's Motion for Relief from Judgment. ECF No. 28. For the following reasons, Plaintiff's Motion is DENIED.[1]

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. ECF No. 31.

1

**STANDARD**

Federal Rule of Civil Procedure 60(b)[2] provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged.  Id.  "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  Ahanchian v. Xenon Pictures, Inc., 634 F.3d 1253, 1258-59 (9th Cir. 2010) (quoting Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir.1983)).

In determining whether a party is entitled to relief on the basis of excusable neglect under Rule 60(b)(1), courts apply the four-factor Pioneer-Briones equitable test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The excusable neglect clause "is interpreted as encompassing errors made due to the 'mere neglect' of the petitioner."  Cmty. Dental Services v. Tani, 282 F.3d 1164, 1170, n.11 (9th Cir. 2002).  If the petitioner's attorney's negligence is "ordinary," not gross, then it is attributable to the client and can be considered by the Court under Rule 60(b)(1).  Id.  "The determination of whether neglect is excusable 'is at

---

[2] Further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

2

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs Ltd P'ship, 507 U.S. 380, 395 (1993)).

## DISCUSSION

Plaintiff's counsel Francisco Aldana offers three reasons why his failure to respond to Defendants' Motions to Dismiss should be excused.  First, Mr. Aldana avers that his law partnership dissolved, requiring him to complete all cases alone.  As a result, Mr. Aldana claims he "inadvertently missed the deadline to oppose Defendants' Motion to Dismiss."  Second, Mr. Aldana experienced liver problems beginning in September 2014.  ECF No. 28 at 6.  He claims those problems lasted "a couple of months."  ECF No. 28 at 9, ¶ 6 (Decl. of Francisco Javier Aldana).  He further claims that he anticipated filing an opposition to Defendants' second Motion to Dismiss but was unable to do so due to his condition.  Finally, Mr. Aldana claims that his paralegal took this case off his "active case list," which further prevented him from filing an opposition.  ECF No. 28 at 6. Plaintiff's reasons for delay are inconsistent and lack merit.  For example, Mr. Aldana contends that his health issues, which began in September 2014 and apparently lasted "a couple of months," prevented him from filing an opposition.  ECF No. 28 at 9, ¶ 6. Nevertheless, he was able to file the FAC on October 21, 2014.  Had Mr. Aldana's illness truly prevented him from opposing Defendants' Second Motion to Dismiss, it presumably would have prevented him from filing the FAC as well.  Furthermore, Plaintiff's counsel is contradictory in his explanations about why he realized he needed to file the instant Motion for Relief: at one point, he claims that he discovered the issue after independently auditing his case list; at another point, he claims that he realized that it had been removed from his active case list only after an inquiry from the

///

1  Plaintiff.  These inconsistencies also weigh in favor of finding that Plaintiff has not acted
2  in good faith in bringing the instant Motion for Relief.
3       The other Pioneer factors also do not help Plaintiff.  Defendants have already
4  invested time and money in defending this action to date and have obtained a favorable
5  judgment.  Requiring them to expend more time and money re-litigating this case would
6  result in prejudice to them.  This prejudice, while not particularly strong, is buttressed by
7  the fact that Plaintiff has offered no proposed opposition to Defendants' Second Motion
8  to Dismiss that would allow the Court to determine whether her FAC had any merit.  See
9  Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009) (explaining that "prejudice
10 to the movant" is a relevant circumstance for courts to consider when evaluating Rule
11 60(b) motions).  As to delay, Rule 60(c) requires a motion for relief to be filed "within a
12 reasonable time" and "no more than a year after the entry of the judgment."  Plaintiff filed
13 the instant Motion 363 days after the Court entered judgment in favor of Defendants.  It
14 seems unreasonable that it did not occur to Plaintiff that this case had been dismissed
15 for nearly a year.  A 363-day delay would also be unreasonable if Plaintiff's counsel
16 previously realized that the case had been dismissed, but delayed filing the instant
17 Motion until the last possible minute.  Since Defendants have not squarely addressed
18 this issue, the Court will not weigh this factor in their favor.  However, even if this factor
19 favors Plaintiff, it is not enough to overcome the weight of the other three Pioneer
20 factors.  Accordingly, Plaintiff's Motion for Relief is DENIED.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Plaintiff's counsel has failed to show that his failure to oppose Defendants' Motions to Dismiss was the result of excusable neglect. Plaintiff's Motion for Relief from Judgment (ECF No. 28) is accordingly DENIED.

IT IS SO ORDERED.

Dated: February 10, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT